# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) El Dorado Minerals, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>(1) Coffeyville Resources Refining & Marketing, LLC<br><br>Defendant. | Case No.  23-CV-249-GLJ |

## CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff El Dorado Minerals, LLC ("Plaintiff"), for itself and all others similarly situated, files this Complaint against Coffeyville Resources Refining & Marketing, LLC ("Coffeyville" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

### SUMMARY

1. This class action concerns Coffeyville's willful and ongoing violations of Oklahoma law related to the interest owed on late payments of proceeds derived from the sale of oil production to those legally entitled to the proceeds.

2. Oklahoma statute requires first purchasers like Coffeyville to pay proceeds derived from oil production not later than six months after the date of first sale, and thereafter not later than the last day of the second succeeding month after the end of the month within which the oil production is sold. *See* 52 O.S. § 570.10(B)(1) and 52 O.S. § 570.10(E)(1).

3. When a first purchaser fails to meet those statutory timelines, Oklahoma law requires that the purchaser pay owners statutory interest at the rates set forth by 52 O.S. § 570.10(D).

1

4. Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received late payments from Coffeyville for which it did not pay the amount of interest required by Oklahoma statute.

## PARTIES

5. Plaintiff El Dorado Minerals, LLC is an Oklahoma limited liability company with its principal place of business in Oklahoma City, Oklahoma.

6. Coffeyville is a Delaware limited liability company with its principal place of business located in Sugar Land, Texas.

7. Coffeyville is the first purchaser of crude oil for multiple wells in the State of Oklahoma.

8. Coffeyville may be served with process by serving its registered agent: Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, Oklahoma 73159.

## JURISDICTION & VENUE

9. The preceding allegations are fully incorporated by reference.

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendant are citizens of different states.

11. This Court has personal jurisdiction over Coffeyville because it has minimum contacts with this district related to the claims in this case.

12. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Coffeyville transacts business within this District, and a substantial part of the of the events giving rise to the class claims occurred within this district.

## FACTUAL ALLEGATIONS

13. The preceding allegations are fully incorporated by reference.

2

**The Production Revenue Standards Act ("PRSA")**

14. The Production Revenue Standards Act ("PRSA") imposes timeframes for the payment of oil proceeds.

15. Proceeds from the sale of oil or gas production must be paid within six (6) months after the date of first sale. 52 O.S. § 570.10(B)(1)(a).

16. Proceeds for production subsequent to first sales must be paid not later than last day of the second succeeding month after the end of the month within which such production is sold. *Id*. § 570.10(B)(1)(b).

17. These same timeframes apply to first purchasers that remit royalty. *Id*. § 570.10(E)(1) (emphasis added).

18. When the statutory timeframes aren't met, the PRSA imposes interest.

19. The PRSA imposes a baseline interest rate of 12% per annum to be compounded annually, calculated from the end of the month in which such production is sold until the day paid. *Id.* § 570.10(D).

20. Where proceeds are paid beyond the statutory timelines because title is not marketable, such proceeds shall earn interest at the rate of six percent (6%) per annum to be compounded annually for time periods prior to November 1, 2018, and the prime interest rate as reported in the Wall Street Journal for time periods on or after November 1, 2018, calculated from the end of the month in which such production was sold until such time as the title to such interest becomes marketable. *Id.*

21. The PRSA contains no notice or demand requirement before an owner is entitled to the correct amount of statutory interest, and Oklahoma case law has expressly refuted such a requirement. *See, e.g., Cline v. Sunoco, Inc.*, Case No. 17-CV-313-JAG, 2019 WL 6720206, at *7

(E.D. Okla. Dec. 10, 2019); *Pummill v. Hancock Expl. LLC*, 419 P.3d 1268, 1272 (Okla. Civ. App. 2018).

**Coffeyville's Breach of the PRSA**

22.     Despite the PRSA's plain terms and clear legislative intent, Coffeyville does not pay the statutory interest it owes on late payments.

23.     Plaintiff is among the many owners to whom Coffeyville failed to pay the amount of interest owed under the PRSA.

24.     Plaintiff El Dorado Minerals, LLC owns an interest in oil produced from the Gear 1-8H Well in Creek County, Oklahoma.

25.     Coffeyville is the first purchaser of crude oil for the Gear 1-8H Well.

26.     The first sales of production from the Gear 1-8H Well occurred in 2014.

27.     Coffeyville remits proceeds to Plaintiff for its overriding royalty interest in the Gear 1-8H Well.

28.     Coffeyville failed to pay Plaintiff the proceeds to which it was entitled on or before the last day of the second succeeding month after the end of the month within which the oil production was sold from the Gear 1-8H Well.

29.     When Coffeyville finally paid those proceeds owed to Plaintiff, it did not include the interest required by the PRSA.

## CLASS ACTION ALLEGATIONS

30.     The preceding allegations are fully incorporated by reference.

31.     Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

All non-excluded persons or entities who: (1) received late payments under the Production Revenue Standards Act from Defendant for oil proceeds from Oklahoma wells; or (2) whose oil proceeds were remitted to unclaimed property divisions of any government entity by Defendant; and (3) whose payments or whose unclaimed property did not include the statutory interest required by the Production Revenue Standards Act. "Late payments" for purposes of this class definition means payment of proceeds from the sale of oil production from Oklahoma wells, including unclaimed property payments, after the statutory periods identified in Okla. Stat. tit. 52, § 570.10(B)(1) (i.e., commencing not later than six (6) months after the date of first sale, and thereafter not later than the last day of the second succeeding month after the end of the month within which such production is sold). Late payments do not include: (a) payments of proceeds to an owner under Okla. Stat. tit. 52, § 570.10(B)(3) (minimum pay); and (b) prior period adjustments.

Excluded from the Class are: (1) Defendant, its affiliates, predecessors, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America, including any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2), or the State of Oklahoma; and (3) BP America Production Company, Chaparral Energy LLC (or its successor Canvas Energy Inc.), Citizen Energy (or its predecessor Roan Resources LLC), Continental Resources, Inc., Marathon Oil Corporation, and the affiliates of each.

32. There are thousands of absent Class members.

33. The Class is so numerous that joinder of all members is impracticable.

34. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the Oklahoma acreages for which Coffeyville has an obligation to pay proceeds derived from the sale of oil production;

   b. Whether, under Oklahoma law, Coffeyville owed statutory interest to Plaintiff and the Class on any late payments of proceeds derived from the sale of oil production;

   c. Whether Coffeyville's failure to pay statutory interest to Plaintiff and the Class on any late payments constitutes a violation of Oklahoma statute; and

      d.  Whether Coffeyville is obligated to pay statutory interest on future late payments.

35. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

36. Coffeyville treated Plaintiff and the Class in the same way by failing to pay the required statutory interest on late payments.

37. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

38. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

      a.  The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

      b.  To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay the statutory interest owed on the late payment of proceeds derived from the sale of oil production as required by Oklahoma law;

      c.  All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

      d.  The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

      e.  Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Coffeyville, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Coffeyville.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay the Proper Amounts of Interest

40. The preceding allegations are incorporated by reference.

41. Plaintiff brings this cause of action on behalf of itself and the Class.

42. When Coffeyville fails to pay owners within such time frame, 52 O.S. § 570.10(D) requires Coffeyville to pay owners statutorily prescribed amount of interest when the payment is eventually made.

43. Coffeyville held proceeds belonging to Plaintiff and the Class, and Coffeyville failed to timely pay these proceeds to Plaintiff and the Class.

44. When Coffeyville eventually paid these proceeds to Plaintiff and the Class, it did not pay the amount of interest required by the PRSA.

45. Coffeyville's failure to pay the proper amount of statutory interest owed on the late payments has harmed Plaintiff and the Class.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Coffeyville to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of Coffeyville's breaches and unlawful conduct, including, without limitation, the amount of statutory interest on the late payments required by law;

3. An order requiring Coffeyville to pay the proper amount of interest in the future, as required by law, to Plaintiff and the Class;

4. An order awarding punitive damages in accordance with Oklahoma law on each of Coffeyville's wrongful acts as alleged in this Complaint;

5. An order requiring Coffeyville to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

*/s/ Reagan E. Bradford*
Reagan E. Bradford, OBA #22072
Ryan K. Wilson, OBA #33306
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

–and–

Brady L. Smith, OBA #30727
BRADY SMITH LAW, PLLC
One Leadership Square, Suite 1320
211 N. Robinson Ave.
Oklahoma City, OK 73102
(405) 293-3029
brady@blsmithlaw.com

**COUNSEL FOR PLAINTIFF**